Panza v. Grappone Companies          CV-99-221-M    10/20/00
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


James A. Panza,
      Plaintiff

      v.                                    Civil No. 99-221-M
                                            Opinion No. 2000 DNH 224
The Grappone Companies, et al.,
      Defendants


                         **O R D E R**


      Plaintiff seeks relief under the Family and Medical Leave

Act (FMLA), 29 U.S.C. § 2601 et seq., because he was not restored

by his employer to his prior position upon return from approved

FMLA leave.  Defendants say that under § 2614(b) of the FMLA they

are entitled to deny restoration to "certain highly compensated

employees," like plaintiff.  Plaintiff filed a motion for partial

summary judgment (document no. 15) to preclude defendants from

interposing § 2614(b) as a defense, because they failed to notify

him that he qualified as a "key employee" when he requested

leave.

## Standard of Review

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party carries its burden, the burden shifts to the nonmoving party to demonstrate, with regard to each issue on which it has the burden of proof, that a trier of fact could reasonably find in its favor. See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

2

## Relevant Facts

Plaintiff worked as an assistant wholesale manager for defendants. In the fall of 1997, he was hospitalized for severe depression. At that time, he requested two weeks of leave from work in order to adjust to prescribed medication. Defendants granted that request and plaintiff began his FMLA leave on October 21, 1997.

On October 23, 1997, plaintiff's position was eliminated, ostensibly because his employer determined that significant losses were resulting from plaintiff's poor performance and that the company could reduce those losses by eliminating the position and distributing plaintiff's responsibilities among others. Plaintiff was promptly notified of that action and was told that if he wanted to return to the company following his leave, he could do so as a car salesman, a lower level position.

## Discussion

Under the FMLA, an employee is entitled to be restored to the position he or she held prior to taking leave, or an equivalent position. 29 U.S.C. § 2614(a). However, employers

3

may decline to restore certain "key employees" to previously held positions if the employer determines that "such denial is necessary to prevent substantial and grievous economic injury to the operations of the employer." 29 U.S.C. § 2614(b)(1). A "key employee" is a "salaried . . . employee who is among the highest paid 10 percent of the employees employed by the employer within 75 miles of the facility at which the employee is employed." 29 U.S.C. § 2614(b)(2).

Plaintiff argues that because he was not notified of his status as a "key employee," defendants cannot decline to restore him to his prior position (or equivalent). Defendants counter that while pertinent regulations require notice to be given, they are excused from compliance. They argue that the notice requirement is intended to afford an employee the opportunity to forego leave rather than risk not having a job at the end of the approved leave. Since plaintiff's position had been eliminated, defendants argue, "the notice provisions provided by regulation . . . simply do not apply in this situation." Def. Mem. in Support of Obj. at 3 (document no. 18).

4

Although the FMLA refers to the duty of an employer to notify an employee of the intent to refuse to restore under § 2614(b), it does not seem to require notice of his or her status as a "key employee" on any particular time. See 29 U.S.C. § 2614(b). However, the FMLA specifically directs the Secretary of Labor to "prescribe such regulations as are necessary to carry out subchapter I," 29 U.S.C. § 2654.

Accordingly, Section 825.219(a) of title 29 of the Code of Federal Regulations provides that in order to deny restoration of position, employers must notify an employee of his or her status as a "key employee" at the time leave is requested. "An employer who fails to provide such timely notice will lose its right to deny restoration even if substantial and grievous economic injury will result from reinstatement." 29 C.F.R. § 825.219(a); see 60 F.R. 2180, 2217 (1995) (clarifying that "such timely notice" refers to both the notice of status as a "key employee" and notice of decision not to restore); see also Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994) ("the agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation") (internal

5

quotations omitted).  Because it is undisputed that defendants did not inform plaintiff that he qualified as a "key employee," defendants are precluded as a matter of law from seeking refuge in § 2614(b).[1]

Conclusion

Because employers are required to inform "key employees" of their status when leave is requested, and because it is undisputed that defendants failed to give plaintiff that notice, defendants are precluded from interposing § 2614(b) as a defense in this action.  Therefore, plaintiff's Motion for Partial Summary Judgment on that point (document no. 15) is granted.

---

[1]Additionally, defendants' exemption argument undermines their reliance on § 2614(b).  Section 2614(b) permits an employer to refuse to restore a key employee "if holding open the position would cause 'substantial and grievous economic injury.'"  Chan v. Loyola Univ. Med. Ctr., 1999 WL 1080372 at *5 (N.D. Ill. Nov. 23, 1999) (emphasis added); see also 29 C.F.R. § 825.218(b) (addressing what "substantial and grievous injury means and discussing taking into account employer's ability to replace on temporary basis or need for permanent replacement).  While defendants' actions may be defended in some other way, because plaintiff's position had been eliminated, rather than filled and therefore unavailable, § 2614(b) "simply does not apply in this situation."

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 20, 2000

cc:  Heather M. Burns, Esq.
     Robert G. Whaland, Esq.